[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Rose Marie E. Case and Laure Connelly brought this action against the defendants, Linda Connelly, Administratrix of the Estate of Robert J. Connelly, Sylvester Butan, Ronald Raymond, Ellsworth and Norman Goldstein to quiet title to property located on Mountain Road in Torrington, Connecticut. The action has been withdrawn as to all defendants with the exception of Ellsworth and Norman Goldstein.
The plaintiffs Rose Marie E. Case and Laure A. Connelly are sisters who, along with their brother, Robert J. Connelly, late of Old Westbury, New York, acquired the subject premises by deed from Sylvester Butan dated March 11, 1985, recorded in Torrington Land Records, Volume 375, Page 330.
Prior to the acquisition, the parties entered into a partnership agreement for purposes of managing the property, dated January 28, 1985, which names Robert Connelly as general and limited partner and which precluded the general partner from mortgaging, pledging, or granting any security interest in partnership assets without the written consent of CT Page 2294 sixty-five percent of the total ownership interest of said partnership (Section 9.2); from assigning his interest without first obtaining such consent (Section 10.1); and precluded any limited partner from assigning his interest in the partnership without first offering it to the other partners (Section 10.2, 10.3, 10.4). A Certificate of Limited Partnership of MRF Associates Limited Partnership dated January 28, 1985, was filed on the Torrington Land Records on March 20, 1986, and recorded in the Torrington Land Records Volume 386, Page 1010.
At the time of the acquisition and prior to the recording of the partnership certificate, two mortgages were entered into by the parties, one to Torrington Savings Bank in the amount of $150,000 dated March 11, 1985 recorded in Torrington Land Records, Volume 375, Page 331, and a second mortgage to Sylvester Butan dated March 11, 1985, recorded in the Torrington Land Records, Volume 375, Page 335. In December, 1986 and January, 1987, the partners executed a conveyance of the real estate to the partnership which was recorded on April 3, 1987 on the Torrington Land Records, Volume 409,. CT Page 124
The purpose of this action is to quiet title against two subsequent encumbrances, Ellsworth Goldstein, who claims to have a mortgage on the premises in the amount of $100,000 dated December 23, 1986, and recorded in the Torrington Land Records on April 3, 1987, in Volume 409, Page 126, which mortgage purports to be from "Robert J. Connelly, individually and as general partner from MRF Associates Limited Partnership" and which describes the subject premises; and against Norman Goldstein who was the stated grantee in a purported conveyance dated January 13, 1987, recorded on April 3, 1987, in Volume 409, Page 130 of the Torrington Land Records and which purports to be a conveyance from "MRF Associates Limited Partnership" to Norman Goldstein of "twenty (20) percent of the total acreage, to wit: 26.40 acres of the premises described below. . ." describing the subject premises.
It is undisputed that these two conveyances were entered into by Robert Connelly without the knowledge or consent of his sisters, without the requisite authority from the partners under the partnership agreement and that the funds purportedly borrowed by or advanced to Robert Connelly were for his own uses and purposes and not for the partnership.
The two documents in question were in fact recorded by one David Haberman acting as attorney for Ellsworth Goldstein and Norman Goldstein who recorded them on April 3, 1987, one day after the death of Robert Connelly, and after Haberman had been advised by Peter Ebersol, the attorney for the partnership, that the transactions in question were prohibited by the Partnership Agreement. Further, at the time that Haberman recorded the two instruments in question, all of the aforementioned documents relating to the partnership were of record on the Torrington Land Records.
Robert J. Connelly committed suicide on April 1, 1987, one day before the documents had been recorded, which event dissolved the partnership CT Page 2295 under Section 34-69(4) of the Connecticut General Statutes and Section 14(a) of the Partnership Agreement.
On May 18, 1987, the Torrington Savings Bank commenced a foreclosure action which is now pending in this court as case number 45901. A stay has been granted in that action until the outcome of this case. On August 12, 1987, the Bankruptcy Trustee of Combined Thoroughbred Agencies, Inc., a corporation which had been managed by the said Robert J. Connelly, instituted an action in the United States Bankruptcy Court for the Eastern District of New York against, inter alia, MRF Associates Limited Partnership, Rose Marie E. Case, Laure A. Connelly, and the Estate of Robert J. Connelly, claiming as to these parties that monies had been misappropriated by the said Robert J. Connelly from the corporation and applied to improvements for the subject premises. This action has now been resolved by an agreement pursuant to which the interest of Robert J. Connelly in the partnership had been purchased by the Bankruptcy Trustee from the fiduciary of the Estate of Robert J. Connelly and has then been assigned by the Bankruptcy Trustee to the plaintiffs in this action. A certificate prepared by the plaintiffs winding up the partnership affairs and revesting the property in their individual names has been recorded on the Torrington Land Records pursuant to Section 34-32a of the General Statutes, subject to the claims against Norman Goldstein and Ellsworth Goldstein for this action.
The plaintiffs claim that the conveyances by Robert J. Connelly to Ellsworth Goldstein and Norman Goldstein were prohibited by Article 10 of the Partnership Agreement. Article 10.1 prohibits the assignment of the general partner's partnership interest in the absence of written consent of the general and limited partners-owning at least sixty-five (65) percent of the interest in the partnership. Articles 10.2, 10.3 and 10.4 prohibit any limited partner from assigning his interest in the partnership without first offering it to the other partners. It is undisputed that no such consent was obtained to either of the transfers by Robert J. Connelly. The court's finding on this issue, is sufficient to defeat any claim of the defendants.
In addition, however, the defendants had knowledge of the lack of authority on the part of Robert Connelly. Where a partner purporting to act on behalf of a partnership has no authority to so act and the person with whom he is dealing has knowledge of the fact that he has no such authority the transaction is void. Connecticut General Statutes Section 34-47 (1); General Statutes Section 34-48(1). A person has knowledge of a fact when he has actual knowledge of it or when he has knowledge of other facts and circumstances which show bad faith. General Statutes Section 34-41c. The plaintiffs claim that Ellsworth Goldstein and Norman Goldstein through their attorney, had actual knowledge of the infirmity of the Goldstein transaction. Since David Haberman was acting as the attorney for Ellsworth Goldstein and Norman Goldstein in connection with the two transactions in question, he was their agent for purposes of these transactions and his knowledge of any facts creating infirmity in the transaction amounts to CT Page 2296 knowledge by the Goldsteins. Bank of Montreal v. Gallow, 3 Conn. App. 268.
Attorney Haberman had knowledge of the existence of a partnership called MRF Associates Limited Partnership in which Robert Connelly was a partner; that Robert Connelly was borrowing funds from the Goldsteins for his own uses and purposes and not those of the partnership, and had knowledge by way of his conversation with Attorney Ebersol that the transactions in which Robert Connelly was engaged were not authorized under the partnership agreement and were prohibited since any consideration received by mortgaging partnership property would have to be paid to the partnership as opposed to one of the individuals. See Whitney v. Citibank,282 F.2d 1106 (2d Cir. 1986).
Matters coming to the knowledge of an agent within the scope of his authority are conclusively presumed to have been reported to his principal. Blakeslee v. Board of Water Commissioners of the City of Hartford, 121 Conn. 163 (1936); Bank of Montreal v. Gallow, supra at 274, 275. A mortgage not for partnership purposes cannot ordinarily bind the partnership. 59A Am. Jur. 2nd, Partnership 319. A person who knows that particular real estate is the partnership property of two or more partners and attempts to acquire title from one alone, without knowledge or consent of the other, takes such title at his peril. Id. at 317.
For the reasons stated, the court finds that the mortgage to Ellsworth Goldstein purporting to be from MRF Associates Limited Partnership, was signed in violation of the Partnership Agreement when Ellsworth Goldstein, through his agent David Haberman, had actual and constructive notice that neither of the plaintiffs had knowledge of the transaction or consented to it. The court further finds that in regard to the Norman Goldstein deed, the same facts regarding the actual knowledge of David Haberman as agent for the defendants and it is therefore void.
Judgment may enter quieting and settling title to the premises in the plaintiffs pursuant to General Statute 52-500.
PICKETT, J.